# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                    Case No. 09-30852-DHW
                                                                         Chapter 13

LAMAR NELSON, SR.,

     Debtor.

## MEMORANDUM OPINION

The chapter 13 trustee filed an objection to confirmation of the debtor's plan contending that it is not proposed in good faith. The plan proposes to pay unsecured creditors from a "payment over time" of $1,000 while paying an attorney's fee of $2,500. The trustee asserts that the debtor should pay unsecured creditors an amount at least equivalent to the attorney's fee.

The objection came on for hearing on June 22, 2009 at which time the parties submitted the objection to the court for decision without an evidentiary hearing. The facts, as stated below, are not disputed for purposes of this objection.

### Jurisdiction

This court's jurisdiction in this proceeding is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. See General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because this is a core proceeding under 28 U.S.C. § 157(b)(2)(L), this court's jurisdiction is extended to the entry of a final order or judgment.

### Undisputed Facts

The debtor is a below-median debtor who receives Social Security benefits, Food Stamps, and family monetary assistance. The debtor has two secured creditors – GMAC and Spiller Furniture. GMAC has a mortgage on his home, and Spiller Furniture has a security interest in a grandfather clock and dinette set valued at $400. The debtor proposes to pay the mortgage directly to

GMAC[1] and to pay Spiller Furniture through the chapter 13 trustee with a specified monthly payment of $92 on the $262 debt.

The debtor proposes to pay unsecured creditors a pro rata share of $1,000 over a period of 40 months, or approximately 4.65% of their claims. The debtor listed 16 unsecured debts totaling $21,505. Only three of the debts exceed $1,000. The debtor proposes to pay his attorney a fee of $2,500 for services rendered in connection with this case, the presumptively reasonable fee for this district for a chapter 13 case.

## Conclusions of Law

The Eleventh Circuit has provided a list of factors to employ in determining whether a plan has been proposed in good faith:

> (1) amount of debtor's income from all sources; (2) living expenses of debtor and his dependents; (3) amount of attorney fees; (4) probable or expected duration of debtor's Chapter 13 plan; (5) motivations of debtor and his sincerity in seeking relief under provisions of Chapter 13; (6) debtor's degree of effort; (7) debtor's ability to earn and likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) frequency with which debtor has sought relief under Bankruptcy Reform Act and its predecessors; (10) circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; and (11) burden which plan's administration would place on trustee.

*Kitchens v. Georgia Railroad Bank & Trust Co. (In re Kitchens)*, 702 F.2d 885, 888-89 (11th Cir. 1983). The list is not exhaustive. The court stated:

> The Eighth Circuit court amplified the tenth factor, stating that the bankruptcy court should consider the extent to which claims are modified and the extent of preferential treatment among classes of creditors. All but one of the circuits note that substantiality of the

---

[1] The debtor was current in his mortgage payments when the case was filed. Therefore, the debtor is not proposing to pay any arrearage through the chapter 13 trustee.

2

repayment to the unsecured creditors should be one of the factors considered.

Id. at 889. "The Eighth Circuit court also added to the list consideration of the type of debt to be discharged and whether such debt would be nondischargeable under chapter 7." *Id*. The court noted that "other factors or exceptional circumstances may support a finding of good faith, even though a debtor has proposed no or only nominal repayment to unsecured creditors." *Id*.

As stated above, the debtor has only two secured creditors, and only one will receive a discharge in this chapter 13 case. The $262 debt to Spiller Furniture will be paid rather quickly by the $92 specified monthly payments once the attorney's fee is paid.[2] Therefore, from the standpoint of secured debt, this chapter 13 case preserves only $400 worth of property.[3]

Once the debtor pays the $2,500 attorney's fee and the secured debt to Spiller Furniture, the debtor will have a strong incentive to convert the case to one under chapter 7. Indeed, conversion would be in the best interests of the debtor because he could obtain an immediate discharge in chapter 7 without making further payments to unsecured creditors.[4]

Although an early conversion would be in the best interests of the debtor, it would impose a burden on the chapter 13 trustee. The trustee's compensation is based on a percentage of disbursements. Because many of the trustee's costs of administration are incurred at the front end of a case, cases that end before discharge result in a financial drain on the trustee. The cases with completed plans subsidize cases which are dismissed or converted.

---

[2] The debtor is treating the debt as a "910 claim" and proposes adequate protection payments of $5.00 per month until the attorney's fee is paid.

[3] Had the debtor filed a chapter 7 case, the debtor could have either redeemed the furniture or attempted to reach an agreement with Spiller Furniture to reaffirm the $262 debt.

[4] In addition, a chapter 13 discharge in this case would preclude the debtor from filing a chapter 7 case for the six-year period prescribed in 11 U.S.C. § 727(a)(9) because he is paying less than 70% of unsecured claims.

3

On the other hand, even if the debtor decides to complete the chapter 13 plan, the plan itself will be burdensome to unsecured creditors. Because 13 of the 16 unsecured debts are less than a $1,000, the overwhelming majority will receive a mere pittance on their claims. Their monthly checks will be minimal and irksome to process during the pendency of this case, which is anticipated to last until the middle of 2012.

Having considered the totality of the circumstances in this case, the court concludes that the plan is not filed in good faith because it is chiefly a means of financing the debtor's attorney's fee without offering either the debtor or his creditors any meaningful benefit over what they would receive in a hypothetical chapter 7 case. The trustee's objection to confirmation will be sustained by a separate order.

Done this 23rd day of July, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Sandra H. Lewis, Attorney for Debtor
Curtis C. Reding, Trustee